United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-41182
Summary Calendar

_____

KAY FRAZER,

Plaintiff-Appellant,

versus

ANGELINA COLLEGE,

Defendant-Appellee.

_____

Consolidated w/
No. 02-41226
Summary Calendar

_____

KAY FRAZER,

Plaintiff-Appellant,

versus

EDWIN LARRY DICKENS,

Defendant-Appellee.

_____

Appeals from the United States District Court
For the Eastern District of Texas
(No. 9:01-CV-228)

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant's motions to reinstate the appeal in case No. 02-41182 and to consolidate that case with case No. 02-41226 are GRANTED.

We AFFIRM the judgment of the district court for the following reasons:

1.    Angelina College exercised reasonable care to prevent and correct alleged discriminatory or harassing behavior. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764 (1998). It is undisputed that: Angelina College had an anti-harassment policy with complaint procedures; Angelina College's investigation of initial reports of harassment from other employees led to actions that stopped all sexual harassment directed at Finch; Angelina College placed the alleged harasser on leave within one week of Finch's first formal complaint, and one day after Finch put her allegations in writing; and Angelina College terminated the alleged harasser's employment. *See generally*, *Cardid v. Metro-North Commuter R.R.*, 191 F.3d 283, 295 (2d Cir. 1999).

2.    Finch unreasonably failed to utilize the College's sexual harassment complaint procedure. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). It is undisputed that Finch avoided reporting the harassment for roughly a year; that Finch failed to inform Angelina College of harassment when explicitly asked by survey to do so; and that, even when Finch brought a complaint, she limited her evidence to a single incident of harassment. *See*, *e.g.*, *Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 971 (5th Cir. 1999) (holding that an employee who fails to report conduct when given an express opportunity to do so unreasonably fails to fulfill *Faragher*'s obligation to avoid harm).

3.    The district court did not abuse its discretion under 28 U.S.C. § 1367 by declining to exercise pendant jurisdiction over Finch's state-law claims against Dickens, in light of its dismissal of all federal-law claims against Angelina College.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2